## J. W. Trimble v. First National Bank of Beardstown.

1.  EVIDENCE—*Competency of Parol Proof to Show the Conditions of a Contract Referred to in a Memorandum Indorsed upon a Certificate of Deposit.*—It is proper for a party to a certificate of deposit payable to the order of the depositor, according to an indorsement upon the certificate, on its return, properly indorsed, to show by parol what the contract referred to in the memorandum in fact was, and also what was the contract between the depositor and a holder of the certificate as to the conditions upon which the money represented by the certificate was payable.

2.  ESTOPPEL—*By the Acceptance of the Amount Awarded by the Judgment of the Court.*—Where a party accepts the amount awarded by the judgment of a court he will be precluded from further litigating his claim.

Assumpsit, on a certificate of deposit. Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

D. L. MOURNING, attorney for appellant.

MILLS & McCLURE, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant sued appellee upon a certificate of deposit dated March 16, 1901, for $450, claiming interest, issued to Work for money deposited by the latter, in the name of appellant,

the certificate having been made payable to the order of appellant "as per back of certificate," on the return thereof properly indorsed.

The money represented by the certificate was in part payment for the purchase price of land sold to Work by Trimble. On presentation of the certificate for payment in April, the bank, finding no indorsement on the back, declined to pay it until it could see Work regarding the same. When seen, the latter claimed he had omitted to indorse on the back of the certificate the conditions of payment referred to by the certificate, which were that Trimble was to pay certain taxes and also bills for lumber for building a barn on the land sold, and that it was so agreed between Work and Trimble, although there is conflict of evidence regarding this point. In August appellee offered to pay $450 to appellant, but he refused to accept it without interest. On suit being brought appellee pleaded tender, and on the trial by the court, a jury having been waived, the finding was for the defendant, with judgment against the appellant for costs, with order to pay the amount of the tender to appellant, which latter was done, and his receipt given for the same, and he now appeals to this court to reverse such judgment. Upon the whole evidence we think the court was warranted in finding that the reference in the certificate to the back thereof indicated an incomplete contract and that it was proper to show by parol, as was done, what the contract in fact was, and also the contract between appellant and Work as to the conditions on which the money represented by the certificate was payable. The court was further warranted by the evidence in finding that the certificate was subjected to conditions in its payment which had not been fulfilled at the time presentment for payment thereof was made. Furthermore, appellant having accepted the amount awarded by the judgment of the court, is now precluded from further litigating his claim, as by this appeal he seeks to do.

The finding and judgment of the Circuit Court being right on the whole evidence the judgment will be affirmed.